IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RONALD SATISH EMRIT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 22-1572 (MN) |
| | ) |
| SPECIAL AGENT IN CHARGE OF FBI | ) |
| FIELD OFFICE IN SOUTHERN DISTRICT | ) |
| OF NEW YORK (SNDY), | ) |
| | ) |
| Defendant. | ) |

**<u>MEMORANDUM OPINION</u>**

Ronald Satish Emrit, Sarasota, Florida – Pro Se Plaintiff.

June 5, 2023
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE:**

On December 5, 2022, Plaintiff Ronald Satish Emrit filed this civil rights action citing *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). (D.I. 2). Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4). Plaintiff has also filed a motion for joinder of the United States Attorney's Office of Massachusetts. (D.I. 8). The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b).

**I.     BACKGROUND**

Plaintiff names as the only Defendant the Special Agent in charge of the FBI field office in the Southern District of New York ("the Special Agent in Charge"). The following facts are taken from the Complaint and assumed to be true for screening purposes. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). The Chief Judge of the United States District Court for the Southern District of New York has entered a vexatious litigant order against Plaintiff. As a result, Plaintiff filed the action here with the hope that it will be transferred to the Southern District of New York and circumvent that District's vexatious litigant order. He further asserts that it would be clearly erroneous and an abuse of discretion to fail to transfer the case, and that he will appeal to the United States Court of the Appeal for the First or Second Circuit if the case is not transferred.[1]

Plaintiff appears to allege that he is under surveillance as a result of his past communications with the Cuban Embassy in Washington D.C. in efforts to make travel arrangements to Cuba. He brings claims for violations of his First Amendment right to freedom of association, his Fourth Amendment right to privacy, his substantive and procedural due-process

---

[1] The United States Court of Appeals for the Third Circuit hears appeals of decisions issued by this Court.

rights, his rights under the equal-protection clause of the Fourteenth Amendment, his rights under the privileges and immunities clause of the Constitution and his rights under Title VII of the Civil Rights Act of 1964.

For relief, he requests an injunction and damages.

## II. SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id*.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court, however, must grant Plaintiff leave to amend her

complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id*. at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### III. DISCUSSION

On November 1, 2022, Plaintiff filed an action against the Special Agent in Charge in the Eastern District of New York, based on a different factual predicate. That action was transferred to the Southern District of New York. In a December 1, 2022 order (*i.e.*, four days prior to Plaintiff filing this lawsuit), the court in that transferred case noted that "[o]n May 16, 2014, Plaintiff was barred from filing any new action in this court in forma pauperis (IFP) without first obtaining permission from the court to file." *Emrit v. Special Agent in Charge of FBI Field Office in S. Dist. of New York SDNY*, 2022 U.S. Dist. LEXIS 217536, at *1 (S.D.N.Y. Dec. 1, 2022) (citing *Emrit*

3

*v. AOL Time Warner*, ECF 1:14-CV-0314, 13 (S.D.N.Y. May 16, 2014)).  The Court then stated that Plaintiff had filed the action in the Eastern District of New York and had sought IFP status, but that he had not sought permission from the Southern District of New York.  *Id.* & n.1.  Accordingly, the Court dismissed the case.  *Id.*

      Here, Plaintiff makes no colorable argument that venue lies in this District, and it clearly does not.  Instead, this case was only filed here with the expectation that it would be transferred to the Southern District of New York in an apparent effort to circumvent the Southern District of New York's vexatious litigant order.  The Court will not transfer the case to a district where Plaintiff is not permitted to file suit absent permission from that court.  Plaintiff's Second Motion In Limine (D.I. 5) and joinder motion (D.I. 8) will be denied as moot.  This case will be dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

**IV.**    **<u>CONCLUSION</u>**

      For the above reasons, the Court will dismiss the Complaint pursuant 28 U.S.C. § 1915(e)(2)(B)(i).  Amendment is futile.  An appropriate Order will be entered.